MOORADIAN *v.* WAYNE CIRCUIT JUDGE.

1. JUSTICES OF THE PEACE—DILATORY APPEALS—JURISDICTION OF CIRCUIT COURT—STATUTES.

   The circuit court of Wayne county has no jurisdiction to allow a delayed appeal from justice's court in the city of Detroit unless the statute (section 22, Act No. 475, Local Acts 1903) is complied with.

2. SAME—SHOWING—SUFFICIENCY.

   Failure to allege in their affidavit in support of their application for a delayed appeal that judgment defendants were prevented from making a defense on the merits by circumstances beyond their control was such a deficient showing that the circuit court was without jurisdiction under said statute to grant an appeal.

3. SAME—LACHES.

   A delay of nearly four months, during which time defendants tried another remedy, *held*, to amount to laches barring their right to relief under said statute allowing delayed appeals upon a proper showing.

Mandamus by Mardiras Mooradian to compel William B. Brown, acting circuit judge of Wayne county, to dismiss a delayed appeal. Submitted November 1, 1921. (Calendar No. 29,851.) Writ granted October 2, 1922.

*Walter S. Wheeler*, for plaintiff.

*Fritz Hailer*, for defendant.

PER CURIAM. Plaintiff began an attachment suit on August 21, 1920, in justice's court, in the city of Detroit, against Cyrus Shuler and Vivian Shuler, and simultaneously therewith instituted a garnishment proceeding against the Highland Park State Bank.

The bank disclosed an indebtedness to the Shulers. The defendants not being found, a copy of the writ of attachment was duly served on the Highland Park State Bank. Proceedings were thereafter had in accordance with the statute, and on October 8, 1920, a judgment was rendered against the defendants, Shuler, for the sum of $293 damages, and $3 costs. On October 14, 1920, a summons "to show cause" was served on the bank as garnishee defendant and subsequently a judgment was rendered against it for $296 and costs in the sum of $2.15, which it paid.

On April 12, 1921, application was made to the circuit court by defendants, Shuler, for a delayed appeal to the circuit court. The appeal was granted and plaintiff asks this court for a writ of mandamus to compel the circuit judge to set aside his order allowing it.

It is insisted by plaintiff that the circuit court had no power to allow the appeal because there was no showing by the Shulers that they were prevented from making a defense upon the merits of the case by circumstances not under their control, and for the further reason that the Shulers were guilty of laches in making their application for a delayed appeal after they were advised of the litigation.

Section 22 of Act No. 475, Local Acts of 1903, under which delayed appeals are granted, provides in part that:

"Appeals may be authorized by the circuit court of the county of Wayne, when the party making the appeal has been prevented from making a defense upon the merits of the case in which such appeal is taken by circumstances not under his control; and such appeal may also be authorized when justice requires that such appeal should be authorized," etc.

We have examined the affidavit made by the Shulers and we do not find any allegation that they were

prevented from making a defense on the merits by circumstances beyond their control. They did allege that they have a good and meritorious defense and that the judgment is based upon fraud and deceit. No fraud, however, is set out, and no facts or circumstances are set out from which fraud may be inferred. It has been repeatedly held by this court that the circuit court of Wayne county has no jurisdiction to allow a delayed appeal unless this statute is complied with. *Stanton* v. *Wayne Circuit Judge*, 126 Mich. 715; *Stock* v. *Wayne Circuit Judge*, 143 Mich. 339. We are of the opinion that the showing made was deficient in the respect indicated.

Aside from this defect we are satisfied that defendants should be barred from taking an appeal because they were guilty of laches after they became advised of the litigation. They admit they became aware of the suit on December 20, 1920, although the showing is very persuasive that they were advised of it much earlier. Instead of at once applying to the court for leave to appeal, they commenced an action of tort in justice's court against plaintiff to recover the amount of plaintiff's judgment against them. This action was determined by the justice to be a collateral attack on plaintiff's judgment and was dismissed on March 31, 1921. Two weeks after this they made their application for a delayed appeal. This was nearly four months after they were advised of plaintiff's judgment. Under this statute a party against whom a judgment has been rendered must move expeditiously when he learns of it to secure a delayed appeal. A delay of nearly four months, during which time he tries another remedy, will bar his right to relief under this statute. *Pickell* v. *Coates*, 147 Mich. 53.

The order of the circuit judge must be reversed. The writ will issue if necessary.