BOCINSKI *v.* WAYNE CIRCUIT JUDGE.

APPEAL AND ERROR—DELAYED APPEAL PROPERLY DENIED.
   Where no appeal from judgment of circuit court commissioner
   was taken within statutory period, due to neglect either of
   litigants or their attorney, delayed appeal was properly de-
   nied by circuit judge, although serious loss resulted to them.

Mandamus by George Bocinski and another to
compel Guy A. Miller, Wayne circuit judge, to va-
cate an order denying motion for delayed appeal
from judgment of circuit court commissioner. Sub-
mitted January 7, 1930. (Calendar No. 34,683.)
Writ denied April 7, 1930.

*Harry J. Lippman,* for plaintiffs.

*Murrl E. Dikeman,* for defendant.

NORTH, J. Ignacy Krzeminski and wife entered
into a contract to sell to Walter Hojnacki and wife
land described and to erect thereon a dwelling house
at a cost of $9,378. The vendees transferred their
interest for a consideration of $9,000 to the plaintiffs
herein, George Bocinski and wife. Plaintiffs claimed
that Krzeminski had failed to construct the house
in accordance with his contract. He mortgaged the
premises for $6,500 and thereafter conveyed his
vendor's interest to one John Pluta. Pluta, claiming
Mr. and Mrs. Bocinski were in default in making
contract payments, instituted proceedings before the
circuit court commissioner. As a matter of fact the
Bocinskis had withheld payments due on the con-
tract because they claimed the vendor had not com-

pleted the dwelling on the premises in accordance with the contract therefor. Upon being served with process the Bocinskis left the matter in the hands of an attorney who failed to appear on the adjourned day in the commissioner's court, and judgment by default was taken November 10, 1928. The amount found by the commissioner to be due and unpaid was $748.92. Thirty-five days later a constable armed with a writ of restitution from the commissioner's court threatened to evict Mr. and Mrs. Bocinski from the premises in question. Bocinski went to the attorney who then represented these plaintiffs, and learned that by reason of some mistake the attorney had given no attention to the proceeding in the commissioner's court. Upon advice. of counsel Bocinski and wife thereupon filed a bill in chancery by which they sought to restrain the execution of the writ of restitution issued by the commissioner. This chancery proceeding was dismissed by decree in the circuit court, it being held that it was a collateral attack upon the judgment entered by the commissioner and that plaintiffs should have sought relief by a special appeal from such judgment.

Bocinski's former attorney thereafter made an application for a special appeal in his own name and based upon his own affidavit, therein admitting that the neglect of Bocinski to contest the summary proceedings was due to the attorney's oversight or failure to attend the same on the adjourned day. This application for a special appeal was denied on June 3, 1929. Two motions to set aside the order denying the application were presented in the circuit court; one June 28, 1929, and the other July 9, 1929. Each was denied on the ground of laches. Mandamus is sought to compel the circuit judge to set aside his

order denying the last application for a delayed or special appeal.

It appears from the record that the plaintiffs have invested substantially $9,000 in this property, and that the equity held by Pluta is less than $2,000. The following is from the opinion filed by the circuit judge:

"In this case the (former) attorney for the defendant did not forget the adjourned day and was not under any misapprehension as to the day when the time for the appeal expired. As a matter of fact, the sworn showing on behalf of the plaintiff in the case is to the effect that after the five days' appeal period had expired and before the expiration of the thirty days allowed for redemption, plaintiff's attorney called defendant's attorney and was assured by him that the judgment would be taken care of. Instead of moving at the time when this information was received, no steps whatever were taken until after the writ of restitution had been executed, and then an erroneous remedy was sought, namely, the filing of a bill of complaint to attack the validity of the circuit court commissioner's judgment. This was a clear mistake of remedy on the part of the attorney, and it was not until the lapse of a very considerable length of time after the rendition of the judgment that any steps were taken to remove the case to this court by delayed appeal."

The foregoing recital of the circuit judge is justified by the record, and he was right in his conclusion that under the former decisions of this court the delayed appeal should not be granted. *Mooradian* v. *Wayne Circuit Judge,* 220 Mich. 12; *Pickell* v. *Coates,* 147 Mich. 53. It is regrettable that these plaintiffs sustain a serious loss as the result of this holding, but well-established rules of law by which the rights of the public are protected cannot be

ignored to save from loss a litigant whose rights by reason of either his own or his attorney's neglect have not been properly and timely asserted and protected. The writ is denied, but without costs.

WIEST, C. J., and CLARK, McDONALD, POTTER, SHARPE, and FEAD, JJ., concurred with NORTH, J.

BUTZEL, J. While I concur in this opinion, I believe it should be without prejudice to the right of plaintiffs to file a bill to redeem.