BLUE WATER FABRICATORS, INC v NEW APEX COMPANY, INC
ETC, INC v NEW APEX COMPANY, INC

Docket Nos. 140729, 140867, 140868, 152137. Submitted December 14, 1993, at Detroit. Decided May 16, 1994, at 9:30 A.M.

Blue Water Fabricators, Inc., and ETC, Inc., judgment creditors of New Apex Company, Inc., each served General Motors Corporation a writ of garnishment from the Macomb Circuit Court, seeking to satisfy their judgments from amounts owed to New Apex by GM under a contract. GM filed disclosure forms indicating that the contractual debt might not be owed because of anticipated damages that GM might have because of breach of contract by New Apex. GM subsequently sought to amend its disclosure forms to state the claim of setoff with more specificity. The court, Frederick D. Balkwill, J., refused to allow the amendment and ordered GM to make payments to Blue Water and ETC without making findings with respect to GM's liability to New Apex or with respect to the priority of the claims by Blue Water and ETC. GM appealed.

The Court of Appeals *held:*

1. The disclosure forms filed by GM did not meet the requirement of MCR 3.101(H)(2) that a setoff claim by a garnishee defendant against the principal defendant not be one for unliquidated damages. However, the trial court should have allowed GM to amend its disclosure forms because GM's defenses were not so clearly untenable as a matter of law that amendment would have been futile.

2. The trial court ordered GM to pay ETC an amount that exceeded the amount ETC specified in the affidavit in support of its writ of garnishment. This order violated MCR 3.101(L)(3) and the trial court, pursuant to MCR 2.612(C)(1), should have granted GM relief from the order.

3. The trial court erred in entering an order to pay without determining the extent of GM's liability to New Apex, as

REFERENCES

Am Jur 2d, Attachment and Garnishment §§ 350, 372, 375.

Right of garnishee, other than bank holding deposit, to set off claims not due or certain when garnishment is served. 57 ALR2d 700.

defined in MCR 3.101(G)(1) and as required by MCR 3.101(R)(1), or establishing the priority of the competing claims against the amount GM owed to Apex, as permitted by MCR 3.101(M)(1).

Orders of payment vacated; cases remanded for further proceedings.

GARNISHMENT — DISCLOSURE FORMS — AMENDMENTS — SETOFFS.

A garnishee defendant must be allowed to amend its disclosure form to more specifically claim a setoff against its liability to the principal defendant and thus avoid the prohibition against claims for unliquidated damages where the purported setoff is not so clearly untenable as a matter of law that amendment would be futile (MCR 3.101[H], 3.101[M][1]).

*Donald P. Howard,* for ETC, Inc.

*Honigman Miller Schwartz & Cohn* (by *Michael A. Gruskin*), for General Motors Corporation.

Before: MARILYN KELLY, P.J., and WHITE and D. F. BRECK,* JJ.

MARILYN KELLY, P.J. In this consolidated appeal, General Motors Corporation appeals from trial court orders instructing it to make payments to Blue Water Fabricators, Inc. and ETC, Inc. The monies were to be paid under writs of garnishment and represented debts GM owed to New Apex Company. We vacate the trial court's orders and remand for further proceedings.

GM purchased machinery from New Apex Company. In separate lawsuits, Blue Water Fabricators, Inc. and ETC, Inc. obtained judgments against New Apex Company. Both garnished funds owed by GM to New Apex. In both instances, GM claimed it was entitled to a setoff for an alleged breach of contract by New Apex. Because the setoff exceeded its contract amount with New Apex, GM argued that the plaintiffs were not enti-

_____

* Circuit judge, sitting on the Court of Appeals by assignment.

tled to garnish the funds. The trial court disagreed and ordered GM to pay.

I

A

GM first contends that its initial disclosures adequately alleged a setoff of liability and precluded entry of an order to pay New Apex Company's creditors. GM also contends that the trial court erred in refusing to allow it to file amended disclosures alleging a more specific setoff. We consider the claims together.

In both cases, GM disclosed that it owed New Apex a total of $74,207.15. The disclosures noted:

> However, these sums may not be owing to plaintiff because of anticipated damages which General Motors Corporation may have due to breach of contract by New Apex Co., Inc.

The central issue is whether, in using this language, GM claimed a setoff for liquidated damages under MCR 3.101(H), entitling it to have its liability tried pursuant to MCR 3.101(M). MCR 3.101(H) required:

> The garnishee defendant must file and serve on the plaintiff and the principal defendant a disclosure under oath within seven days after being served with the writ [of garnishment]. The disclosure
>
> (1) must reveal the garnishee defendant's liability to the principal defendant as specified in subrule (G)(1);
>
> (2) may claim any setoff that the garnishee defendant would have against the principal defendant, except for claims for unliquidated damages for wrongs or injuries; and
>
> (3) must state the date on and describe the

manner in which notice was given to the principal defendant under subrule (E)(1)(d).[1]

The rules of statutory construction apply to court rules, and we apply them here. *Michigan Basic Property Ins Ass'n v Hackert Furniture Distributing Co, Inc,* 194 Mich App 230, 234; 486 NW2d 68 (1992). The language of MCR 3.101(H)(2) clearly permits a garnishee defendant to claim any setoff, except claims for unliquidated damages.

However, GM's initial disclosures, with their vague language and imprecise claims, did not specifically claim a setoff and did not specify the amount of liquidated damages. Rather, their language leads one to the conclusion that GM's claim was for unliquidated damages. As unliquidated damages do not qualify as a setoff under MCR 3.101(H)(2), we conclude that GM's initial disclosures did not excuse it from complying with the writs of garnishment.

B

However, in both cases, GM sought to amend its disclosures to comply with the specificity required by the court rule. The trial court noted that the disclosures were defective but refused to permit amendment.

---

[1] MCR 3.101 has been substantially revised. The amended version is effective April 1, 1994. The revision to MCR 3.101(H)(1) provides:

(1) Nonperiodic Garnishments.

(a) If indebted to the defendant, the garnishee shall file a disclosure revealing the garnishee's liability to the defendant as specified in subrule (G)(1) and claiming any setoff that the garnishee would have against the defendant, except for claims for unliquidated damages for wrongs or injuries.

The degree of specificity required in claiming a setoff appears to be unaltered by the change in language.

Essentially, the trial court considered the sufficiency of the disclosures. The process is comparable to action on a motion for summary disposition pursuant to MCR 2.116(C)(9). On appeal, we consider whether the garnishee defendant's defenses are "so clearly untenable as a matter of law that no factual development could possibly deny plaintiff's right to recovery." *Lepp v Cheboygan Area Schools,* 190 Mich App 726, 730; 476 NW2d 506 (1991).

A trial court is required to permit amendment of pleadings to avoid summary disposition, unless such amendment would be futile. MCR 2.116(I)(5). By analogy, here the court should have permitted amendments to the disclosures. GM filed an affidavit which indicated that it had spent a large specific amount, exceeding the amount it owed New Apex. It had made the expenditure to bring the machinery into compliance with safety and speed requirements and to purchase replacement items for those the machinery was to produce. The cost had become ascertainable well before the writs of garnishment were served.

While little authority guides us in determining the point at which a claim becomes liquidated, the Sixth Circuit has noted that liquidated damages "are those damages which are reasonably ascertainable at the time of the breach." *Ramada Development Co v United States Fidelity & Guaranty Co,* 626 F2d 517, 525, n 11 (CA 6, 1980).

Thus, although we conclude that GM initially failed to claim a setoff of liquidated damages, the trial court erred in refusing it the opportunity to amend its disclosures. The court should have permitted GM to file an amended disclosure consistent with its representations, rather than grant plaintiffs judgment on the garnishment pleadings.

II

GM also contends that the circuit court erred in denying its motion for relief from an order to pay ETC, Inc. obtained in violation of the Michigan Court Rules. A motion for relief from judgment is directed to the trial court's discretion. *Lark v Detroit Edison Co,* 99 Mich App 280, 282; 297 NW2d 653 (1980).

The court's order to pay exceeded the amount specified in ETC's affidavit in support of the writ of garnishment. The court order included interest, whereas the affidavit indicated that ETC did not seek interest. To obtain an amount which exceeded that specified in the affidavit, ETC would have had to move for a court order to that effect. MCR 3.101(L)(3); 3 Martin, Dean & Webster, Michigan Court Rules Practice (3rd ed), p 530; MCR 2.612(C)(1). The trial court abused its discretion in denying GM's motion for relief from judgment when the order to pay was obtained in violation of the court rules. MCR 2.612(C)(1); *Philip Olender & Co v Quality House Bakery, Inc,* 48 Mich App 647, 651; 211 NW2d 113 (1973).

III

Finally, GM contends that the trial court erroneously ordered it to pay amounts exceeding the dollar liability which would have been imposed had GM failed to file a disclosure. MCR 3.101(R)(1) provides:

> If the garnishee defendant fails to disclose or do a required act within the time limit imposed, a default may be taken as in other civil actions. A default judgment against a garnishee defendant may not exceed the amount of the garnishee defendant's liability as provided in subrule (G)(1).

MCR 3.101(M)(1) provides:

If there is a dispute as to the garnishee defendant's liability or if another person claims an interest in the garnishee defendant's property or obligation, the issue shall be tried in the same manner as other civil actions.

Here, the trial court appears to have entered an order to pay without making a determination regarding the extent of GM's liability, defined in MCR 3.101(G)(1), and required by MCR 3.101(R)(1). The court did not permit the parties to litigate the extent of GM's liability or establish the priority of competing claims on the amount GM owed Apex as MCR 3.101(M)(1) permits. MCR 3.101(M)(3) provides:

Even if the amount of the garnishee defendant's liability is disputed, the plaintiff may move for judgment against the garnishee defendant to the extent of the admissions in the disclosure. The general motion practice rules govern notice (including notice to the garnishee defendant and the principal defendant) and hearing on the motion.

However, we conclude that entry of an order for GM to pay Apex's creditors was improper in light of the court's erroneous refusal to permit GM to amend its disclosure. It was improper, also, due to the court's failure to permit the parties to litigate the amount or even make factual findings on the extent of GM's liability. Moreover, the priority of the parties claiming to be entitled to the money GM owed Apex had not been established at the time the court entered the order to pay. Further proceedings on these issues are required before appellate review is warranted.

We vacate the trial court's orders requiring GM to pay New Apex Company's creditors. We remand for further proceedings consistent with this opinion and do not retain jurisdiction. Costs to GM are denied.