REDDING v REDDING

Docket No. 172286. Submitted August 9, 1995, at Lansing. Decided
    December 28, 1995, at 9:10 A.M.

Donald D. Redding brought an action in the Washtenaw Circuit
    Court, seeking a divorce from Patricia A. Redding. By stipula-
    tion of the parties, the court, Kurtis T. Wilder, J., appointed a
    guardian ad litem for the defendant. The plaintiff and the
    guardian, but not the defendant, agreed to a consent judgment
    of divorce. The defendant moved for relief from judgment,
    contending that the court lacked authority to appoint a guard-
    ian and that she had a right to a trial with regard to the issues
    she contested.

The Court of Appeals held:

1. The trial court abused its discretion by denying the motion
    for relief from judgment. The court lacked jurisdiction to
    appoint a guardian ad litem for the defendant. The probate
    court has exclusive legal and equitable jurisdiction of proceed-
    ings concerning guardians for those who, like the defendant,
    are alleged to be, but have not been adjudicated, legally inca-
    pacitated persons. MCL 700.21(c); MSA 27.5021(c).

2. The trial court abused its discretion by denying the defend-
    ant a trial with regard to the issues she contested. The defen-
    dant did not waive her right to trial by stipulating to the
    appointment of a guardian.

Reversed and remanded.

GUARDIAN AND WARD — GUARDIANSHIP PROCEEDINGS — PROBATE
    COURTS — EXCLUSIVE JURISDICTION.

The probate court has exclusive legal and equitable jurisdiction of
    proceedings concerning the appointment of guardians for those
    who are alleged to be, but have not been adjudicated, legally
    incapacitated persons (MCL 700.21[c]; MSA 27.5021[c]).

*Mann, Lipnik & Darrow* (by *Peter P. Darrow*),
for the plaintiff.

REFERENCES

Am Jur 2d, Guardian and Ward § 25.
See ALR Index under Guardian and Ward; Jurisdiction; Probate
    Courts and Proceedings.

*David A. Woelkers,* for the defendant.

Before: MARILYN KELLY, P.J., and CORRIGAN and
C. D. STEPHENS,* JJ.

CORRIGAN, J. In this divorce action, defendant
wife appeals as of right the denial of her motion to
set aside the judgment of divorce. Because of the
unusual nature of the proceedings below, we re-
verse and remand for further proceedings consis-
tent with this opinion.

The parties had been married thirty-two years
when plaintiff husband filed for divorce in July
1992. The parties' union produced eight children.
The youngest children, a set of triplets born to
defendant after she turned forty years old, were
ten years old when plaintiff filed for divorce. Four
minor children still lived with defendant in the
marital home. Plaintiff, the chief executive officer
of a closely held corporation, acknowledged a
yearly income of $150,000. Although defendant
held a college degree in nutrition, she had worked
at home since the marriage.

The proceedings were contentious and complex
from the outset, launched by plaintiff's procure-
ment of an ex parte order restraining defendant
from concealing and dissipating joint assets. At
nearly the same time, plaintiff withdrew $38,000
from a joint savings account and placed it in his
own name.

The parties struggled over the question of in-
terim child support, paying regular visits to the
referee. In addition, defendant suspected but had
no real proof that plaintiff was hiding assets.
Defendant was immediately reduced to a monthly
income of $1,700 from a weekly income of $1,700.
By all accounts, this family was dysfunctional and

* Circuit judge, sitting on the Court of Appeals by assignment.

defendant needed psychotherapy. The record reflects an angry and devastated defendant, left alone in middle age with the weighty responsibilities of caring for early and late adolescent children. She apparently exhausted counsel's and the court's patience by presenting an endless series of details that arise in managing a formerly well-off household and four adolescents.

During the proceedings, defendant was successively represented by two attorneys. Ten days before the scheduled trial date, she terminated her relationship with her first attorney because she was dissatisfied with that attorney's services. Defendant then retained new counsel, who procured an adjournment and commenced settlement negotiations. Defendant later approached attorney Edward Koster for legal advice because she did not trust her second attorney's advice about proposed settlement terms. The parties ultimately stipulated an order appointing attorney Edward Koster as guardian ad litem for defendant. The testimony of defendant and Koster at a later hearing on defendant's motion for relief from judgment was consistent. Koster told defendant that she would have the right to litigate the matters to which she objected. Koster also stated in his report and recommendation that he had informed defendant on "many occasions" that she had the right to litigate contested matters.

The court made no findings regarding the appointment of the guardian ad litem; instead, it merely signed the parties' stipulation to the appointment. It thus had no record regarding the scope of the guardianship.

At the hearing on the proposed settlement, plaintiff's attorney stated that the parties had reached a divorce settlement. Defendant's attorney, however, stated that defendant had not

agreed to the disposition of several issues. The guardian ad litem submitted a written report regarding the settlement and testified that the terms of the settlement were in defendant's best interest.

On the basis of the parties' previous stipulation to the appointment of a guardian ad litem, the trial court adopted the guardian ad litem's recommendations, despite defendant's specific objections during the settlement proceeding that she had not understood the import of the appointment of the guardian ad litem and that she would be forced to accept the settlement, contrary to her "inalienable right" to trial. The court reasoned that the appointment of the guardian permitted it to disregard defendant's own views regarding her best interest. When defendant asked to be heard, the court declined to permit her to speak and advised her to file an affidavit or a postjudgment motion to raise the issue. Plaintiff's attorney read the terms of the proposed settlement into the record. The trial court adopted those terms and held that defendant had specifically agreed to the terms of the proposed settlement through Koster's recommendation that the settlement was in her best interest. The court approved the settlement and signed the consent judgment. Defendant herself declined to sign the consent judgment of divorce, although the guardian ad litem did so.

Defendant thereafter moved to set aside the judgment of divorce, claiming that the trial court had failed to consider her objections to the settlement. The trial court denied defendant's motion, ruling that it had no legal duty to make an independent competency finding before it appointed a guardian ad litem by stipulation on the basis of MCR 2.201(E).

A trial court's decision on a motion for relief

from judgment is governed by MCR 2.612(C). We review the trial court's denial of the motion for relief from judgment for abuse of discretion. *Blue Water Fabricators, Inc v New Apex Co, Inc*, 205 Mich App 295, 300; 517 NW2d 319 (1994).

Defendant asserts that a circuit court is not authorized to appoint a guardian ad litem to represent a person whose competency is in question unless an adversarial hearing is held to determine competency. Further, she maintains that on these facts she did not waive her right to trial by stipulating to the appointment of a guardian ad litem. We agree with both points.

When the court acted without regard to the actual scope of the parties' stipulation, it essentially treated defendant as incompetent to act in her own best interest. The circuit court erred in allowing Koster to serve as a guardian ad litem where it questioned defendant's competency. The circuit court lacked jurisdiction to appoint a guardian ad litem pursuant to the parties' stipulation. The circuit court has original jurisdiction over all civil claims and remedies "except where exclusive jurisdiction is given in the constitution or by statute to some other court . . . ." MCL 600.605; MSA 27A.605. The probate court "has exclusive legal and equitable jurisdiction of . . . (c) [p]roceedings concerning guardianships, conservatorships, and protective proceedings." MCL 700.21; MSA 27.5021. The parties' stipulation was ineffective to confer probate jurisdiction on the circuit court. *Sumpter v Kosinski*, 165 Mich App 784, 797; 419 NW2d 463 (1988). Parties may not waive or stipulate subject-matter jurisdiction. *People v Eaton*, 184 Mich App 649, 653; 459 NW2d 86 (1990). Applying these statutes, the appropriate practice where a circuit court questions the competency of an adult is to refer the matter to the probate court

for an appropriate determination about possible guardianship.

The Probate Code provides for the appointment of a guardian ad litem "to appear for a minor or a legally incapacitated person, or a person whose identity· or address is unknown . . . ." MCL 700.24; MSA 27.5024. MCL 700.443; MSA 27.5443 provides the procedure for the appointment of a guardian of a legally incapacitated person. Upon petition for a finding of incapacity, the court "*shall* set a date for hearing on the issues of incapacity . . . ." MCL 700.443(2); MSA 27.5443(2) (emphasis added). The person alleged to be incapacitated has the right to be present at the hearing and the right to present evidence. MCL 700.443(6) and (7); MSA 27.5443(6) and (7). The court may appoint a guardian "if it is satisfied by clear and convincing evidence that the person for whom a guardian is sought is a legally incapacitated person, and the appointment is necessary as a means of providing continuing care and supervision of the person of the legally incapacitated person." MCL 700.444(1); MSA 27.5444(1).

The trial court's reliance on MCR 2.201(E) to appoint a guardian ad litem without a competency hearing is misplaced. MCR 2.201(E) governs the appointment of a guardian ad litem for a person who has already been adjudicated legally incapacitated. "Appointment of a next friend or guardian ad litem shall be made by the court . . . if the party is . . . an incompetent person . . . ." MCR 2.201(E)(2)(a)(ii). The court never afforded defendant a hearing regarding the question of her competence. A person cannot consent to being legally incompetent. Compare MCL 700.34; MSA 27.5034. Moreover, on this record, defendant's dissatisfaction with the services of her attorneys, concern that plaintiff may have hidden assets, and desire

for a trial do not establish that she is mentally incompetent. Cf. *People v McCrady,* 213 Mich App 474; 540 NW2d 718 (1995) (the defendant's rejection of a favorable plea offer did not establish a lack of competence). The proper remedy where a question of mental competency arises is a petition in probate court for a finding of incapacity and appointment of a guardian under MCL 700.443(1); MSA 27.5443(1).

The trial court abused its discretion by failing to set aside the judgment under MCR 2.612(C)(1)(f) for "[a]ny other reason justifying relief from the operation of the judgment." The court did not have jurisdiction to accept the parties' stipulation to the appointment of a guardian ad litem. It should have referred the matter to the probate court. Following appropriate procedures, a probate court may appoint a limited guardian to provide guardianship services after finding "that the person is legally incapacitated and lacks the capacity to do some, but not all, of the tasks necessary to care for himself or herself . . . ." MCL 700.444(3); MSA 27.5444(3).

The trial court also abused its discretion in denying defendant a trial on the issues she contested. Even if we treat the guardian ad litem as defendant's advisory counsel, defendant did not voluntarily waive her right to trial. Defendant's testimony was consistent with the testimony of Edward Koster on this point. Defendant believed that the stipulation would not eliminate her right to have a trial on contested points. She did not learn that she lost her right to a trial until proceedings involving the "consent" judgment of divorce. She repeatedly objected to the guardian ad litem's act of signing documents in her stead, stating that her "inalienable rights" were being violated. Defendant, the guardian ad litem, and

the court had different views of the guardian ad litem's function in this case. The court lacked jurisdiction to strip defendant of her right to trial by the device of appointing a guardian ad litem, in the absence of a finding by a court of appropriate jurisdiction that defendant was mentally incompetent. Defendant has presented circumstances that warrant relief from judgment.

Reversed and remanded for further proceedings consistent with this opinion. We further caution the circuit court that we have serious reservations about the equities of the property distribution on the record before us. We do not retain jurisdiction.