*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

ASMAR CONSTRUCTION COMPANY and
RAAD ASMAR,

       Plaintiffs-Appellants,

v

AFR ENTERPRISES, INC., and MOSTAFA M.
AFR,

       Defendants-Appellees.

UNPUBLISHED
March 11, 2021

No. 350488
St. Clair Circuit Court
LC No. 01-000631-CH

Before: SWARTZLE, P.J., and MARKEY and TUKEL, JJ.

PER CURIAM.

In this unusual business dispute, which involves two arbitration hearings which took place ten years ago regarding a project from more than twenty years ago, and allegations that the arbitrator was bribed, plaintiffs Asmar Construction Company and Raad Asmar appeal by leave granted[1] the circuit court's denial of their motion for relief from judgment under MCR 2.612(C)(1)(f) (a catch-all provision permitting a trial court to grant relief for "[a]ny other reason justifying relief from the operation of the judgment"). The judgment in question was entered in February 2011 as the result of arbitration between plaintiffs and defendants Afr Enterprises, Inc., and Mostafa M. Afr, which confirmed the second arbitration award. The trial court found that plaintiffs' motion for relief from judgment was untimely. Finding no abuse of discretion in that decision, we affirm.[2]

---

[1] *Asmar Constr Co v Afr Enterprises*, unpublished order of the Court of Appeals, entered December 19, 2019 (Docket No. 350488).

[2] It obviously seems odd, on first blush, that we would uphold the denial of a motion to set aside a decision by an allegedly bribed arbitrator without even requiring an evidentiary hearing. As noted, this is an unusual case. As we discuss in detail, it is even more unusual that, armed with the belief and some knowledge which allowed plaintiffs, ten years ago, to make similar if not the same

## I. FACTUAL AND PROCEDURAL BACKGROUND

The underlying facts of the business dispute, which led to the arbitration hearings, concerned a construction project to build an ice arena in Port Huron. The parties agreed to arbitrate those disputes with John Seman, who was known to both parties, as arbitrator.[3] In August 2010, plaintiffs moved to set aside Seman's initial arbitration award, through a motion for relief from the judgment confirming the arbitration award, which the trial court granted, setting aside the initial award. In support of the motion, Asmar signed an affidavit dated August 19, 2010, in which he averred that, although the parties met informally in November 2009, no actual arbitration occurred on that date. According to Asmar, when he arrived at the meeting, Afr and Seman were discussing a $250,000 construction project and tried to convince Asmar to participate in that project. Asmar declined and left the meeting. Asmar said he was shocked when he later received Seman's arbitration award. Asmar's affidavit contended that opposing affidavits from Afr and Seman falsely portrayed the purpose of the meeting, its length, and any actions taken. Asmar alleged that the award was a miscarriage of justice, given that it so strongly favored Afr. Asmar also averred that he believed Seman had colluded with Afr to protect their joint business interests, and had acted corruptly.

The reason the circuit court vacated the initial arbitration award and ordered the matter resubmitted to Seman for arbitration was because, at the November 2009 meeting, no attorneys had been present. Although plaintiffs' counsel questioned whether Seman would be able to be impartial for a second arbitration—and requested some sort of discovery into his business dealings with Afr—the court reasoned that because the parties had chosen Seman, they were "stuck with him."

The second arbitration then ensued and, over plaintiffs' objection, the trial court confirmed the resulting arbitration award, entering a judgment to that effect. Plaintiffs timely filed a claim of appeal, but it was defective. After their counsel failed to cure the defects, this Court entered an administrative order dismissing the appeal. *Asmar Constr Co Inc v Afr Enterprises Inc,*

---

allegations of corruption on the part of the arbitrator, they did not appeal the trial court's denial of their requests to depose the arbitrator and to hold an evidentiary hearing on the issue. Indeed, plaintiffs (1) did not follow through on their attempts to secure the arbitrator's testimony through discovery; (2) allowed their appeal to this Court, which could have raised the enforceability of the allegedly tainted arbitration award, to be dismissed for easily-curable technical reasons despite warnings from this Court; and (3) never took steps to reinstate the appeal. Only now do plaintiffs seek to appeal the award. See also n 4 and n 7 of this opinion,

[3] Although this action was commenced in March 2001, it was automatically stayed in February 2004 after defendants filed for Chapter 11 bankruptcy protection. At the ensuing confirmation hearing approving defendants' Chapter 11 plan in federal court, the parties to the instant dispute placed their arbitration agreement regarding Seman on the record.

unpublished order of the Court of Appeals, entered June 1, 2011 (Docket No. 302790).[4] Plaintiffs neither moved for reconsideration in this Court nor sought leave to appeal in our Supreme Court.

Approximately eight years later, in May 2019, plaintiffs filed a motion in the trial court for relief from judgment under MCR 2.612(C)(1)(f), arguing that Seman had engaged in fraud and misconduct while acting as arbitrator. In support, plaintiffs cited a March 2019 affidavit, executed by Seman, in which he stated, in pertinent part:

> 5. After I agreed to serve as the Arbitrator, Afr told me that he would provide me with construction projects on which I could make money if I signed an Arbitration Award acceptable to Afr. Therefore, I agreed with Afr to render an award acceptable to Afr.
>
> 6. When I signed the Arbitration Award, I did not compose it, it was provided to me for my signature, and it does not express what I would have found or concluded based on the evidence presented to me as Arbitrator.
>
> 7. If Afr had not induced me to sign that award, I would have rendered a substantially larger arbitration award in favor of ACC and/or Asmar and would not have delayed payment of that award until the property was sold.
>
> 8. After I signed the Arbitration Award, Afr gave me a contract for demolition work . . . .

The trial court ultimately denied plaintiffs' motion for relief from judgment, reasoning that it was an attempt to relitigate issues that already had been decided in 2011 and that, in any event, the motion had not been filed "within a reasonable time" as required by MCR 2.612(C)(2). This appeal followed.

---

[4] The order, which was signed by the Chief Judge of this Court, provided in its entirety:

> The claim of appeal is DISMISSED for failure to pursue the case in conformity with the rules. MCR 7.201 (B)(3) and 7.216(A)(10). The Clerk of this Court provided notice regarding the nature of the defect in this filing, and the defect was not corrected in a timely manner by providing this Court with a complete copy of the circuit court register of actions, particularly the missing portion containing docket events 1 to 683. There has also been no response to two telephone messages left by this Court's Clerk's Office for appellants' counsel regarding this case. Dismissal is without prejudice to whatever other relief may be available consistent with the Court Rules.

The telephone calls between the Clerk's office of this Court and plaintiff's counsel are fully documented in this Court's docket sheet.

## II. RELIEF FROM JUDGMENT

On appeal, plaintiffs first argue that the trial court committed error warranting reversal by denying their motion for relief from judgment. We disagree.

### A. STANDARD OF REVIEW

"We review the trial court's denial of the motion for relief from judgment for abuse of discretion," *Redding v Redding*, 214 Mich App 639, 643; 543 NW2d 75 (1995), while reviewing any related factual findings for clear error, *Matley v Matley (On Remand)*, 242 Mich App 100, 104; 617 NW2d 718 (2000). Questions concerning the proper interpretation and application of a court rule are reviewed de novo. *Adler v Dormio*, 309 Mich App 702, 707; 872 NW2d 721 (2015). "A finding is clearly erroneous if the reviewing court is left with a definite and firm conviction that a mistake has been made." *In re Medina*, 317 Mich App 219, 227; 894 NW2d 653 (2016) (quotation marks and citation omitted). "An abuse of discretion occurs when the decision results in an outcome that falls outside the range of principled outcomes." *Decker v Rochowiak*, 287 Mich App 666, 681; 791 NW2d 507 (2010), citing *Maldonado v Ford Motor Co*, 476 Mich 372, 388; 719 NW2d 809 (2006).[5]

### B. ANALYSIS

#### 1. THE APPLICABLE COURT RULES

In pertinent part, MCR 2.612 provides:

> (C) Grounds for Relief From Judgment.

> (1) On motion and on just terms, the court may relieve a party or the legal representative of a party from a final judgment, order, or proceeding on the following grounds:

> \* \* \*

> (b) Newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under MCR 2.611(B).

> (c) Fraud (intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party.

---

[5] Contrary to defendants' argument, the "default" abuse-of-discretion standard applies here, as set forth in *Maldonado*, 476 Mich at 388, rather than the standard described in *Spalding v Spalding*, 355 Mich 382, 384-385; 94 NW2d 810 (1959). See, e.g., *Adler*, 309 Mich App at 707 (applying the *Maldonado* standard in reviewing a trial court's decision under MCR 2.612).

* * *

(f) *Any other reason justifying relief from the operation of the judgment*.

(2) The motion must be made within a reasonable time . . . .

(3) This subrule does not limit the power of a court . . . to set aside a judgment for fraud on the court. [Emphasis added.][6]

The language of MCR 2.612(C)(1)(f) was drawn verbatim from the rule's precursor, GCR 1963, 528.3. See *Wayne Creamery v Suyak*, 10 Mich App 41, 51; 158 NW2d 825 (1968), quoting GCR 1963, 528.3. Such language "has its origin in the inherent power of a court of general jurisdiction to correct orders improperly entered," and "[i]n exercising such power, courts balance the policy favoring the correction of error and the policy favoring the finality of judgments." *Id.*; see also *Rose v Rose*, 289 Mich App 45, 58; 795 NW2d 611 (2010) ("Well-settled policy considerations favoring finality of judgments circumscribe relief under MCR 2.612(C)(1).").

A motion to set aside a prior judgment is timely under MCR 2.612(C)(1)(f) if it is filed in a "reasonable time." MCR 2.612(C)(2). As a general rule, in order for relief to be granted under MCR 2.612(C)(1)(f), the following three requirements must be fulfilled: (1) the reason for setting aside the judgment must not fall under subsections a through e, (2) the substantial rights of the opposing party must not be detrimentally affected if the judgment is set aside, and (3) extraordinary circumstances must exist that mandate setting aside the judgment in order to achieve justice. Generally, relief is granted under subsection f only when the judgment was obtained by the improper conduct of the party in whose favor it was rendered. [*Heugel*, 237 Mich App at 478-479 (citations omitted).]

Furthermore, MCR 2.612(C)(1)(f) "provides the court with a grand reservoir of equitable power to do justice in a particular case and vests power in courts adequate to enable them to vacate judgments whenever such action is appropriate to accomplish justice." *Id.* at 481 (citation and quotation marks omitted). Based on these broad equitable powers, a trial court may "properly grant relief from a judgment under MCR 2.612(C)(1)(f), even where one or more of the bases for setting aside a judgment under subsections a through e are present, when additional factors exist

---

[6] With regard to MCR 2.612(C)(3), Michigan jurisprudence has long recognized that circuit courts have inherent equitable authority to relieve parties from judgments procured by or founded upon fraud *on the court*. See generally *Berg v Berg*, 336 Mich 284, 288-289; 57 NW2d 889 (1953) (citing numerous earlier authorities in support of that proposition). In this instance, however, Seman's alleged fraud was committed as part of a court-ordered arbitration, and many of the pertinent facts were known both to the parties and their attorneys during the proceedings in 2010 and 2011, as we further discuss in this opinion. It is generally the case that there can be no "fraud on the court" in an adversarial proceeding in which "the relevant facts are known by both parties." *Matley (On Remand)*, 242 Mich App at 103-104. Our ruling is not based on the doctrine of fraud on the court.

that persuade the court that injustice will result if the judgment is allowed to stand." *Id*. In addition, this Court has held that:

> Where a party has alleged that a fraud has been committed on the court, it is generally an abuse of discretion for the court to decide the motion without first conducting an evidentiary hearing regarding the allegations. An evidentiary hearing is necessary where fraud has been alleged because the proof required to sustain a motion to set aside a judgment because of fraud is "of the highest order." [*Kiefer v Kiefer*, 212 Mich App 176, 179; 536 NW2d 873 (1995) (citations omitted.]

See also *Williams v Williams*, 214 Mich App 391, 399; 542 NW2d 892 (1995).

Even if the *Kiefer* standard generally requiring an evidentiary hearing were at issue based on a claim of fraud against the court, see n 6 of this opinion, the reason for generally requiring an evidentiary hearing is because, on the merits, such a claim has a high burden of proof. That consideration is not presented by the trial court's disposition of the motion, which turned on untimeliness, not the quality of the evidence of fraud. Timeliness can be determined independently of the merits, as the trial court observed, and thus does not fall under the general rule.

## 2. APPLICATION TO THIS CASE

Plaintiffs' main argument is based on the assertion that until they had secured Seman's August 1, 2019 affidavit, they could not challenge the arbitration award; and that therefore the motion was timely brought, because it was filed soon after plaintiffs secured the affidavit. That contention is without merit.

In his August 19, 2010 affidavit, Asmar made a series of allegations regarding Seman's alleged bias and corruption. Asmar alleged that he "believes that Seman, in collusion with Afr, ruled against [Asmar] to protect Seman's business interests with Afr." Affidavit, ¶ 27. Asmar stated a belief that the award "was obviously not authored or prepared by Seman." *Id*. at ¶ 29. He alleged that "Seman and Afr arranged for the terms and conditions contained in the first award, and for someone other than Seman prepare [sic] it." *Id*. And he flatly accused Seman of corruption: "The collusion alleged between Seman and Afr is confirmed . . ." by various facts. *Id*. at ¶ 30. Asmar further alleged that the second award also "was not prepared by Seman," *id*. at ¶ 31, and again alleged partiality and corruption, in that Seman's "interest in the arbitration was other than acting as a neutral arbitrator serving the purpose of dispensing justice." *Id*. at ¶ 32.

These allegations are not materially different from the allegations made in 2019 in connection with the motion for relief from judgment, and thus are not newly discovered. Moreover, the allegations made in 2019 were not timely made for purposes of relief from the judgment confirming the arbitration award. It is not correct that plaintiffs could not bring the motion for relief from judgment prior to securing Seman's affidavit, as plaintiffs would have it. The allegations in Asmar's 2010 affidavit were a sufficient basis at that time for plaintiffs to bring a motion before the trial court, and to seek discovery, including Seman's deposition, see MCR 2.300 *et seq*., which they did. Discovery would have secured Seman's testimony. Indeed,

plaintiffs sought both to depose Seman and an evidentiary hearing before the trial court, at which they would have been able to compel Seman's testimony.

The trial court, however, denied plaintiffs' request, and plaintiffs allowed their appeal to be dismissed. Under those circumstances, seeking appellate remedies was mandatory. As this Court has held, "relief from judgment should not be granted under MCR 2.612(C)(1)(f) where a party sleeps on their appellate rights by failing to seek leave to appeal in the Supreme Court from an adverse ruling in this Court," and such relief "certainly . . . is not appropriate where the party never even pursues an appeal from the trial court's ruling to this Court." *Farley v Carp*, 287 Mich App 1, 8; 782 NW2d 508 (2010). Similarly, in *Kosch v Kosch*, 233 Mich App 346, 353; 592 NW2d 434 (1999), this Court held that a "[d]efendant's failure to file an appeal from the original judgment . . . preclude[d] a collateral attack on the merits of that decision." Indeed, such principles have long been recognized in Michigan jurisprudence. See, e.g., *Bocinski v Wayne Circuit Judge*, 250 Mich 286, 287-289; 230 NW 179 (1930) (affirming a circuit court's dismissal of a similar collateral attack, reasoning that "well-established rules of law by which the rights of the public are protected cannot be ignored to save from loss a litigant whose rights by reason of either his own or his attorney's neglect have not been properly and timely asserted and protected").

Plaintiffs' argument here is a different argument from the one they made before the trial court in 2009. Then, they argued unsuccessfully for discovery and an evidentiary hearing. They were correct then, and should have pursued that path through an appeal. Having allowed their appeal to be dismissed and then not having taken steps to reinstate it, they now argue instead that they could not have brought their motion without Seman's affidavit—in other words, that the discovery they asked for in 2009 would not have been adequate here. On appeal, plaintiffs argue that they "[R]epeatedly attempted to obtain more evidence to vindicate their rights. Plaintiffs, both in person and through their acquaintances, used every chance they had to confront the Arbitrator and repeatedly ask the Arbitrator to explain why he did what he had done." But that argument ignores that plaintiffs had a mechanism, through court ordered discovery, to obtain Seman's testimony in 2009. There was no need to wait until they could receive a voluntary affidavit (which, at the time the trial court was first asked to rule on the two arbitration proceedings, plaintiffs had no way of knowing they would ever obtain). Plaintiffs simply never followed-up on the trial court's denial of discovery, by appealing that order. That failure rendered their motion filed in 2019 untimely.[7]

Moreover, the unstated premise of plaintiffs' argument is that the information contained in Seman's 2019 affidavit is truthful, and that any inconsistent statements he made at other times

---

[7] Plaintiffs' actions were the equivalent of not appealing. Although they filed a claim of appeal in 2010, they then failed to perfect the appeal, and ignored warnings from this Court about its technical defects; as a result, the appeal ultimately was dismissed. See Note 4 of this opinion. Because plaintiffs' failure to take the steps necessary to appeal were within their control and resulted in dismissal, their actions were equivalent to not appealing at all, as no appeal ever was heard. Consequently, plaintiffs were barred from availing themselves of MCR 2.612(C)(1)(f). See *Farley*, 287 Mich App at 8.

were false. While that might be the case, it is clear that Seman's 2019 statement contradicts his earlier statements, and thus it is not apparent from the face of the statements which version of events is true.[8]

Finally, plaintiffs' view of what constitutes a "reasonable time," which is based solely on when they obtained an affidavit, has no limiting principle. Under plaintiffs' view, had they not obtained Asmar's affidavit for another ten or twenty years but then quickly filed their motion, that too would have been timely. We cannot accept that contention.

## III. DUE PROCESS

Plaintiffs also present a somewhat cursory argument that Seman's alleged fraud denied them their due process right to "an impartial decision-maker[.]" But because plaintiffs admittedly never raised any such argument below, that issue is unpreserved, and waived on appeal. See *Peterman v Dep't of Natural Resources*, 446 Mich 177, 183; 521 NW2d 499 (1994). See also *Walters v Nadell*, 481 Mich 377, 387; 751 NW2d 431 (2008) (quotation marks and citation omitted) (holding that as a general rule, "a failure to timely raise an issue waives review of that issue on appeal"). Nevertheless, we choose to review the issue for plain error. See *Hogg v Four Lakes Ass'n, Inc*, 307 Mich App 402, 406; 861 NW2d 341 (2014). "To avoid forfeiture under the plain error rule, three requirements must be met: 1) the error must have occurred, 2) the error was plain, i.e., clear or obvious, 3) and the plain error affected substantial rights." *Kern v Blethen-Coluni*, 240 Mich App 333, 335-336; 612 NW2d 838 (2000) (quotation marks omitted), citing *People v Carines*, 460 Mich 750, 763; 597 NW2d 130 (1999). "[A]n error affects substantial rights if it caused prejudice, i.e., it affected the outcome of the proceedings." *Lawrence v Mich Unemployment Ins Agency*, 320 Mich App 422, 443; 906 NW2d 482 (2017) (alteration in original, citation and quotation marks omitted). The appellant bears the burden of persuasion with respect to prejudice. See *Carines*, 460 Mich at 763 ("It is the defendant rather than the Government who bears the burden of persuasion with respect to prejudice.") (quotation marks and citation omitted).

---

[8] In criminal law, at least, "where newly discovered evidence takes the form of recantation testimony, it is traditionally regarded as suspect and untrustworthy," *People v Canter*, 197 Mich App 550, 559; 496 NW2d 336 (1992) (collecting cases), and "A statement tending to expose the declarant to criminal liability and offered to exculpate the accused is not admissible unless corroborating circumstances clearly indicate the trustworthiness of the statement." MRE 804(b)(3). Seman had a motive to falsify, as he is apparently a long-time friend of Asmar. In addition, although Seman appears to have admitted both civil and possibly criminal wrongdoing in his 2019 affidavit, any such admission likely does not imperil him, as the statute of limitations for any such offense probably expired during the lengthy passage of time. Cf MRE 804(b)(3) (providing for a hearsay exception for "A statement which was at the time of its making so far contrary to the declarant's pecuniary or proprietary interest, or so far tended to subject the declarant to civil or criminal liability, or to render invalid a claim by the declarant against another, that a reasonable person in the declarant's position would not have made the statement unless believing it to be true.").

-8-

Under that standard, no error in the trial court's ruling is plain or obvious. Certainly, an arbitrator having been bribed would constitute a basis for vacating an arbitration award. However, as we have noted, nothing ever established that Seman was in fact bribed, and plaintiffs failed to avail themselves of the opportunity to prove that he was because they did not appeal the denial of their discovery request, as previously discussed. Under the plain error standard, plaintiffs, as the appellants, bear the burden as to prejudice. See *id*. Thus, plaintiffs failed to create a record which would have demonstrated an error, plain or otherwise. Indeed, as we have noted repeatedly, plaintiffs failed to demonstrate to any court that Seman was bribed. As such, any claim of plain error necessarily fails. Therefore, we need not reach any constitutional issue regarding deprivation of due process; plaintiffs' argument fails in its inception, before we can even begin to contemplate any potential constitutional deprivation.

## IV. CONCLUSION

For the reasons stated in this opinion, the trial court's denial of plaintiffs' motion for relief from judgment is affirmed. Defendants, as the prevailing parties, may tax costs pursuant to MCR 7.219.

/s/ Brock A. Swartzle
/s/ Jane E. Markey
/s/ Jonathan Tukel