FOWLER v FOWLER

Docket No. 121689. Submitted October 18, 1990, at Detroit. Decided April 26, 1991; approved for publication September 26, 1991, at 9:05 ᴀ.ᴍ.

Phillip D. Fowler, a prisoner at the Muskegon Correctional Facility, brought an action for divorce in the Muskegon Circuit Court against Betty Fowler. The court, Michael E. Kobza, J., dismissed the plaintiff's complaint on the basis of lack of jurisdiction because neither party was a resident of Muskegon County. The plaintiff appealed.

The Court of Appeals *held:*

An action for divorce must be brought in a county in which one of the parties has resided for at least ten days. The plaintiff's involuntary relocation to a correctional facility in Muskegon County did not cause him to become a resident of that county automatically for the purpose of the residency requirement of the divorce statute, and there was not a showing that he intended to reside in Muskegon County after his release sufficient to overcome the presumption that a person cannot establish a new residency in a county to which he is involuntarily sent.

Affirmed.

Phillip D. Fowler, in propria persona.

Before: Hᴏʟʙʀᴏᴏᴋ, Jʀ. P.J., and Cʏɴᴀʀ and Wᴇᴀᴠᴇʀ, JJ.

Pᴇʀ Cᴜʀɪᴀᴍ. On September 20, 1989, plaintiff, Phillip Delano Fowler, a prisoner at the Muskegon Correctional Facility, filed for divorce from defendant Betty Fowler. By opinion and order entered on October 6, 1989, the Muskegon Circuit Court dismissed plaintiff's complaint without prejudice on the basis of lack of jurisdiction. Plaintiff appeals as of right. We affirm.

There is no common-law authority in Michigan

to grant a divorce judgment. The jurisdiction of the circuit courts over divorce cases is strictly statutory. *Stamadianos v Stamadianos,* 425 Mich 1, 5; 385 NW2d 604 (1986). MCL 552.9; MSA 25.89 provides:

> A judgment of divorce shall not be granted by a court in this state in an action for divorce unless the complainant or defendant has resided in this state for 180 days immediately preceding the filing of the complaint and the complainant or defendant has resided in the county in which the complaint is filed for 10 days immediately preceding the filing of the complaint.

The residency and waiting period requirements of the statute are jurisdictional. Consequently, if they are not met, the court cannot grant a judgment of divorce and must dismiss the case. *Stamadianos, supra,* pp 6-7.

When used in statutes conferring jurisdiction, residence is interpreted to mean legal residence or domicile. *Curry v Jackson Circuit Court,* 151 Mich App 754, 758; 391 NW2d 476 (1986). The issue of legal residency is principally one of intent, and it is presumed that a prisoner cannot establish a new domicile in the county or state of his imprisonment because the relocation was involuntary. However, the presumption can be overcome if the inmate is able to demonstrate relevant factors that would corroborate a stated intention to reside in the county following release from prison. *Id.,* p 759.

In this case, plaintiff, who resided in Gainesville, Florida, before his incarceration, failed to present to the circuit court any evidence of corroborating factors. Consequently, the court had no option but to dismiss plaintiff's complaint.

Affirmed.