SMITH v SMITH

Docket No. 189964. Submitted July 9, 1996, at Grand Rapids. Decided September 17, 1996, at 9:05 A.M.

Elizabeth A. Smith brought an action in the Kent Circuit Court against Matthew A. Smith, seeking a judgment of divorce. The court, Donald A. Johnston, J., entered a temporary order regarding child support for the parties' two minor children, child custody, and visitation. The defendant moved for dismissal of the case, contending that the court lacked jurisdiction because the plaintiff had not resided in Kent County for the ten days immediately preceding the filing of the complaint for a divorce. While the motion was pending, the trial court issued a warrant authorizing the defendant's arrest for nonpayment of child support. The defendant did not appear for the hearing regarding his motion and the court did not conduct the hearing. Instead, the court allowed testimony from the plaintiff that she had resided in Kent County for ten days before filing for the divorce and entered a default judgment of divorce. The defendant appealed.

The Court of Appeals *held*:

1. A challenge to subject-matter jurisdiction may be raised any time, even if raised for the first time on appeal.

2. The residency and waiting period requirements of MCL 552.9(1); MSA 25.89(1) are jurisdictional. If these requirements are not met, the court cannot grant a judgment of divorce and must dismiss the case.

3. A circuit court has the authority to order a party to pay child support during the pendency of a divorce action. However, if the court lacks jurisdiction over the case, it lacks the authority to enforce any action with respect to the case, including support orders.

4. The trial court erred in conditioning the defendant's ability to contest the jurisdictional basis of the case on the defendant's purging of the contempt order.

5. The matter must be remanded to allow the trial court to conduct an evidentiary hearing to determine if the plaintiff resided in Kent County for the ten days immediately preceding the filing of her complaint.

Remanded.

1. COURTS — SUBJECT-MATTER JURISDICTION.

   Whether a court has subject-matter jurisdiction is a question of law, and the burden is on the plaintiff to establish jurisdiction; a challenge to subject-matter jurisdiction may be raised at any time, even if raised for the first time on appeal.

2. DIVORCE — COURTS — JURISDICTION.

   A circuit court's jurisdiction in a divorce action is strictly statutory; the statutory residency and waiting period requirements regarding divorce actions are jurisdictional and, where they are not met, a circuit court may not grant a judgment of divorce and must dismiss the case; jurisdiction cannot be conferred by waiver or consent of the parties (MCL 552.9[1]; MSA 25.89[1]).

3. STATUTES — JURISDICTION — RESIDENCE.

   Residence, when used in statutes conferring jurisdiction, means legal residence or domicile; although presence, abode, property ownership, and other facts are properly considered, intent is the key factor in determining the issue of legal residency.

4. COURTS — JURISDICTION.

   Courts must take notice of the limits of their authority; if the issue is not raised by either party to an action, a court should, on its own motion, recognize its lack of jurisdiction by staying the proceedings, resolving the jurisdictional questions, and dismissing the case if jurisdiction is lacking.

*Krupp Law Offices, P.C.* (by *Christian G. Krupp, II*), for the plaintiff.

*Oosterhouse, Kravitz & Witte, P.C.* (by *Curtis R. Witte*), for the defendant.

Before: DOCTOROFF, C.J., and WAHLS and SMOLENSKI, JJ.

WAHLS, J. Defendant appeals as of right a judgment of divorce as well as orders pertaining to child support, discovery, and other matters. The parties were married on December 6, 1987, in Genesee County, and have two children from that marriage. Defendant contends that the trial court lacked jurisdiction in this

case because plaintiff neither intended to live in Kent County nor actually lived there for ten days before filing for divorce. We remand the case and direct the trial court to hold an evidentiary hearing regarding this jurisdictional question.

Plaintiff's complaint alleges that she and the parties' two children moved out of the marital home, which is located in Genesee County, on September 9, 1994. On September 19, 1994, plaintiff signed the divorce complaint in which she stated that she had resided in Kent County for at least ten days before filing the complaint. Plaintiff's counsel filed the complaint with the Kent Circuit Court on September 23, 1994.

On October 13, 1994, the court entered a temporary order that defendant pay $250 a week in child support, that plaintiff have custody of the two boys, and that defendant have visitation at mutually agreed-upon times. The parties agreed on minor modifications of the temporary order, and the court entered an order reflecting those changes on November 18, 1994. On March 1, 1995, defendant moved to dismiss the case. Defendant claimed that the court lacked jurisdiction under MCL 552.9(1); MSA 25.89(1), because plaintiff was not a resident of Kent County on the filing date or on any of the ten days preceding the filing. Thereafter, defendant noted his position at the opening of virtually every hearing.

Whether a court has subject-matter jurisdiction is a question of law. *Universal Am-Can Ltd v Attorney General*, 197 Mich App 34, 37; 494 NW2d 787 (1992). The burden is on the plaintiff to establish jurisdiction. *Id.* Although the jurisdictional issue here was never resolved by the trial court, a challenge to subject-

matter jurisdiction may be raised at any time, even if raised for the first time on appeal. *Lehman v Lehman*, 312 Mich 102, 105; 19 NW2d 502 (1945); *Ass'n of Businesses Advocating Tariff Equity v Public Service Comm*, 192 Mich App 19, 24; 480 NW2d 585 (1991).

In Michigan, the circuit court's jurisdiction in a divorce action is strictly statutory. *Stamadianos v Stamadianos*, 425 Mich 1, 5; 385 NW2d 604 (1986); *Tilley v Tilley*, 195 Mich App 309, 312; 489 NW2d 185 (1992). The Legislature has granted circuit courts jurisdiction to hear divorce cases, MCL 552.6; MSA 25.86, but limited that jurisdiction to those litigants who satisfy the following residency requirements of MCL 552.9(1); MSA 25.89(1):

> A judgment of divorce shall not be granted by a court in this state in an action of divorce unless the complainant or defendant has resided in this state for 180 days immediately preceding the filing of the complaint and, except as otherwise provided in subsection (2), the complainant or defendant has resided in the county in which the complaint is filed for 10 days immediately preceding the filing of the complaint.

The residency and waiting period requirements of this statute are jurisdictional. *Stamadianos, supra*, pp 6-7; *Fowler v Fowler*, 191 Mich App 318, 319; 477 NW2d 112 (1991). Consequently, if these requirements are not met, the court cannot grant a judgment of divorce and must dismiss the case. *Id.*

When used in statutes conferring jurisdiction, residence is interpreted to mean legal residence or domicile. *Id.* The issue of legal residency is principally one of intent. *Id.* Presence, abode, property ownership, and other facts are often considered, but intent is the

key factor. *Leader v Leader*, 73 Mich App 276, 281; 251 NW2d 288 (1977). Here, defendant raised a question of fact regarding whether plaintiff met the ten-day county residency requirement. Plaintiff's complaint alleged that she lived in Kent County from September 9, 1994, to September 19, 1994. However, in moving to dismiss this case, defendant argued that plaintiff did not leave the marital home until September 12, 1994, that school records from an elementary school in White Cloud (Newaygo County), Michigan, revealed that plaintiff had registered one of the children for classes there on September 14, 1994, and that, on that date, plaintiff gave the elementary school a White Cloud address for that child and herself.

Courts are bound to take notice of the limits of their authority. *Bowie v Arder*, 441 Mich 23, 56; 490 NW2d 568 (1992); *People v Erwin*, 212 Mich App 55, 65; 536 NW2d 818 (1995). Even if the question is not raised by either party, a court should, on its own motion, recognize its lack of jurisdiction by staying the proceedings, resolving the jurisdictional question, and dismissing the case if jurisdiction is lacking. *Fox v Univ of Michigan Bd of Regents*, 375 Mich 238, 242; 134 NW2d 146 (1965); *Lehman, supra*, p 105; *In re Estate of Fraser*, 288 Mich 392, 394; 285 NW 1 (1939).

While the issue of defendant's jurisdictional motion was pending, defendant argued that he was being denied visitation with the children and did not pay any child support. On the other hand, plaintiff argued that defendant could not be trusted with visitation because he was not obeying the trial court's child support orders. Meanwhile, the child support arrearages kept climbing. On June 21, 1995, the trial court issued a bench warrant authorizing defendant's arrest

for nonpayment of child support. On October 16, 1995, the date scheduled for the evidentiary hearing regarding defendant's motion, defendant did not appear. The court stated that a party in contempt of court for failure to obey that court's orders is not in a position to argue through local counsel that the case should be dismissed. The court also noted that a party in contempt was required to purge himself of the contempt before being heard by the court. The court never held the evidentiary hearing. Rather, plaintiff was sworn in and testified that she had resided in Kent County for ten days before filing for divorce. The court then entered a default judgment of divorce.

It is true that a circuit court has the authority to order a party to pay child support during the pendency of a divorce action. MCL 552.15; MSA 25.95. However, the child support arrearages were based on the trial court's temporary orders requiring child support. If the trial court lacked jurisdiction over this case, then it lacked authority to enforce *any* action with respect to the case, including the support orders. *Bowie, supra,* p 56; *Fox, supra,* p 242; *Luscombe v Shedd's Food Products Corp,* 212 Mich App 537, 542; 539 NW2d 210 (1995).

By never resolving the jurisdictional dispute here, the trial court failed to take notice of the limits of its authority. *Bowie, supra,* p 56; *Fox, supra,* p 242; *Erwin, supra,* p 65. In addition, the trial court erred in conditioning defendant's ability to contest the jurisdictional basis of the case on defendant's purging of the contempt order. This was erroneous for two reasons. First, a jurisdictional challenge can be raised at any time. *Lehman, supra,* p 105. Second, if necessary,

a trial court must resolve a jurisdictional dispute on its own motion. *Bowie, supra,* p 56. It bears mention that, to the extent that the trial court urged the parties to agree to a resolution of the dispute, jurisdiction cannot be conferred by waiver or consent of the parties. *In re Return of Forfeited Goods,* 452 Mich 659, 670-671; 550 NW2d 782 (1996); *Redding v Redding,* 214 Mich App 639, 643; 543 NW2d 75 (1995).

On remand, we direct the trial court to conduct an evidentiary hearing to determine whether plaintiff resided in Kent County for the ten days immediately preceding the filing of her complaint. MCL 552.9; MSA 25.89. This hearing will necessarily include an inquiry into whether plaintiff intended to reside in Kent County at that time. See *Fowler, supra,* p 319; *Leader, supra,* p 281. If, on the basis of its findings of fact, the trial court holds that jurisdiction was lacking at the time plaintiff filed her complaint, then the trial court must dismiss this action. *Bowie, supra,* p 56. In light of our resolution of this issue, we decline to award attorney fees.

Remanded for proceedings consistent with this opinion. We do not retain jurisdiction.