# STATE OF MICHIGAN

# COURT OF APPEALS

AARON SPECK,

        Plaintiff-Appellee,

v

TRACY CUNNINGHAM,

        Defendant-Appellant.

UNPUBLISHED
November 19, 2015

No. 322466
Wayne Circuit Court
LC No. 12-000520-CZ

Before: JANSEN, P.J., and MURPHY and RIORDAN, JJ.

PER CURIAM.

Defendant appeals as of right a judgment awarding plaintiff $17,405 that was entered by the circuit court following a short bench trial. We agree with defendant that the circuit court lacked subject-matter jurisdiction with respect to plaintiff's action. Accordingly, we vacate the judgment and remand for entry of an order of dismissal.

In January 2012, plaintiff, an attorney, filed this lawsuit against defendant, alleging that he performed legal services on defendant's behalf pursuant to a contract – a retainer agreement – in regard to a domestic relations matter. Plaintiff alleged that defendant had failed to pay outstanding invoices relative to the contracted legal services, which had been rendered between January 2006 and November 2007. Plaintiff asserted in the complaint that defendant currently owed plaintiff $27,760 for his services. In the prayer for relief, plaintiff requested "judgment against the Defendant in the amount of $27,760.00, together with costs, interest, and attorney fees so wrongfully incurred."

The bench trial took place on February 19, 2014, with each party proceeding *in propria persona*. As reflected in invoices submitted by plaintiff at trial and plaintiff's own testimony and statements at the trial, the $27,760 requested in the complaint did not represent the true amount owing by defendant when the complaint was filed. Instead, the $27,760 represented the total cost of all of plaintiff's legal services performed for defendant absent any deduction for payments defendant had made to plaintiff for services rendered. In his opening statement, plaintiff, after noting that there was a $25 mistake in favor of defendant with respect to the total bill for attorney fees, stated:

> So the amount that was services rendered to Mr. Cunningham were actually $27,735.00 not $27,760.00. The evidence will show that he made payments totaling $10,480.01 toward that obligation, and I will be submitting a

-1-

summary to the Court showing a balance due of $17,254.99, and we're going to be asking the Court for a judgment for that amount.

When plaintiff testified during cross-examination, he conceded that "[i]t was a misstatement" when asked about the dollar amount alleged to be due and owing as set forth in the complaint. In his closing argument, plaintiff similarly indicated:

The Complaint was filed based upon the summary of all the invoices, and I apologize to the Court that the credits weren't reflected there, but we gave Mr. Cunningham the benefit of all the payments and all the credits while this case has been in litigation.

At the beginning of defendant's opening statement, he first requested the circuit court to dismiss the action on the basis of lack of jurisdiction, arguing that the case, in light of plaintiff's concession concerning the actual amount in dispute, should proceed in the district court. At this juncture, we shall briefly recite the basic principles governing jurisdiction as between a circuit court and a district court with respect to civil cases. MCL 600.605 provides that "[c]ircuit courts have original jurisdiction to hear and determine all civil claims and remedies, except where exclusive jurisdiction is given in the constitution or by statute to some other court or where the circuit courts are denied jurisdiction by the constitution or statutes of this state." And under MCL 600.8301(1), "[t]he district court has *exclusive jurisdiction* in civil actions when the amount in controversy does not exceed $25,000.00." (Emphasis added.) This monetary line of demarcation in regard to the amount in controversy concerns the issue of *subject-matter* jurisdiction. *Moody v Home Owners Ins Co*, 304 Mich App 415, 426; 849 NW2d 31 (2014).[1] Here, the circuit court denied defendant's request to dismiss, noting that the case was over two years old and stating that, if defendant believed that the case should have been filed in the district court, he should have filed a motion to dismiss for lack of jurisdiction early on. It is clear to us that the circuit court failed to appreciate that a motion to dismiss for lack of "subject-matter jurisdiction may be raised at any time, even if raised for the first time on appeal." *Smith v Smith*, 218 Mich App 727, 729-730; 555 NW2d 271 (1996). Indeed, MCR 2.116(D)(3) provides that a motion to dismiss for lack of subject-matter jurisdiction "may be raised at any time, regardless of whether the motion is filed after the expiration of the period in which to file dispositive motions under a scheduling order[.]"

Following the bench trial, but prior to the circuit court's entry of an opinion and order, plaintiff filed a brief addressing a lien issue that had arisen at trial and the matter of subject-matter jurisdiction. Plaintiff correctly observed that the retainer agreement between him and defendant had required defendant to pay invoices within 30 days of billing, with any amount

---

[1] *Moody* was consolidated by this Court with *Hodge v State Farm Mut Auto Ins Co*. *Moody*, 304 Mich App at 419 n 1. The two cases, addressed jointly in this Court's single opinion, were separately appealed to our Supreme Court, and the *Moody* case was ultimately dismissed, 858 NW2d 462 (2015), after the Court had initially granted leave to appeal, 497 Mich 866 (2014). But leave was also granted in *Hodge*, 497 Mich 957 (2015), and that appeal remains pending in the Supreme Court.

owing after 30 days incurring interest at the rate of 7% annually, which interest accrued on the unpaid balance until paid in full. Taking the interest into account, plaintiff calculated that defendant actually owed plaintiff $25,131 as of the day of trial. Plaintiff argued that the circuit court had the discretion to award him that full amount, "even if not billed on the individual invoices or requested at trial[.]"[2] Plaintiff therefore maintained that, at the time of trial, the amount in controversy was in excess of the jurisdictional limit of $25,000. The circuit court did not address the argument in its written opinion and subsequent order awarding plaintiff $17,405 for breach of contract, ostensibly because the proofs had already been closed and the court had already rejected defendant's request at trial to dismiss the case for lack of jurisdiction. Defendant filed a motion for reconsideration, arguing that the district court had exclusive jurisdiction over the case, that the circuit court was thus compelled to dismiss the suit, and that plaintiff had known full well when he filed the complaint that the amount in dispute did not exceed $25,000. In a cursory order, the circuit court ruled that defendant was merely presenting the same issues and arguments previously addressed by the court and that defendant had failed to demonstrate a palpable error by which the court and the parties were misled.

On de novo review, *Moody*, 304 Mich App at 426, we hold that the circuit court lacked subject-matter jurisdiction to adjudicate this case. "When a court lacks subject matter jurisdiction to hear and determine a claim, any action it takes, other than to dismiss the action, is void." *Bowie v Arder*, 441 Mich 23, 56; 490 NW2d 568 (1992); see also *Derderian v Genesys Health Care Sys*, 263 Mich App 364, 375; 689 NW2d 145 (2004) ("a court that lacks subject-matter jurisdiction cannot adjudicate the parties' claims"). In *Moody*, 304 Mich App at 430, this Court, construing MCL 600.8301(1) (district court exclusive jurisdiction), held:

> [W]e conclude that the plain, ordinary, and legal meaning of "amount in controversy" under MCL 600.8301(1) is the amount the parties to a lawsuit dispute, argue about, or debate during the litigation. While the amount in controversy in a lawsuit will most often be determined by reviewing the amount of damages or injuries a party claims in his or her pleadings, the statute does not explicitly state this. Indeed, the statute does not provide any method for determining the amount in controversy. . . . If the Legislature had intended to establish that the limits of the district court's jurisdiction were to be determined solely on the basis of the amount demanded in the complaint, it could easily have done so, but it did not. Rather, the Legislature used the phrase "amount in controversy," which is the dollar value of the damages that are disputed in the lawsuit. Stated otherwise, it is the amount the parties argue about, debate, or controvert. Here, Moody's pretrial discovery answers, the arguments of Moody's counsel before trial, and the presentation of evidence at trial, all showed that the amount in controversy in that case far exceeded the $25,000 subject-matter jurisdiction of the district court. MCL 600.8301(1). Hodge similarly presented

---

[2] Plaintiff briefly mentioned the contractual interest at trial, stating in his closing argument that "I'm not even requesting that, your Honor," and that "I would waive any seven percent fee on the funds that are owing."

evidence of damages far exceeding the $25,000 subject-matter jurisdiction of the district court. Without subject-matter jurisdiction over Moody's and Hodge's complaints, the only actions the district court judges could have properly taken would have been to dismiss the cases, MCR 2.116(C)(4), or transfer them to the circuit court, MCR 2.227(A)(1). [Citations omitted.]

Although *Moody* involved actions filed in district court that should have been filed in circuit court, the opposite of the situation here, the principles from *Moody* are clearly equally applicable in the context of our case, and *Moody* is binding precedent. The *Moody* panel explained that a party cannot employ artful pleading relative to a damage claim so as to come within jurisdictional limits, while placing in dispute through evidence and argument a damage amount that is outside those jurisdictional limits. *Moody*, 304 Mich App at 433. "A plaintiff may not merely say some magic words and confer jurisdiction where it otherwise would not exist." *Id.* The Court rejected efforts to allege "up to the $25,000 jurisdictional limit of the district court, knowing that the true amount sought exceeded $25,000, and then present[] to the jury evidence of and argument for damages far exceeding the jurisdictional limit of the court." *Id.* at 431. *Moody* involved first-party, no-fault claims, which would tend to be more open-ended with respect to the amount of damages than the straightforward contractual claim involved here, thereby providing an even more compelling reason to apply the principles from *Moody*.

Given that plaintiff's own documents and records revealed that defendant had paid, pre-complaint, approximately $10,000 of the total bill for legal services that amounted to over $27,000, plaintiff certainly knew, or should have known, that the true amount in dispute was less than $25,000. We cannot comprehend why plaintiff sought damages in an amount that simply reflected total billings without any consideration of the substantial sums of money paid by defendant. The amount the parties argued about, debated, or controverted in the litigation was under $25,000. Further, considering that plaintiff had not invoiced defendant for the contractual interest, had not requested the contractual interest in his complaint, and did not demand the contractual interest at trial, and in fact expressly waived it, we reject plaintiff's effort to meet the $25,000 jurisdictional threshold by relying on his post-trial claim seeking to add the contractual interest into the equation. The contractual interest was not in dispute or requested all the way through the conclusion of trial. The circuit court did not reopen the proofs or arguments thereafter with respect to the issue, nor did the court indicate that it entertained plaintiff's post-trial request.[3] Moreover, we note that the trial had been adjourned a few times, and plaintiff's interest calculations, as gleaned from his own lower court filing, would have fallen short of driving the damages above $25,000 had the trial been held when originally scheduled in June 2013, as well as being woefully short on the date the complaint was filed in January 2012. In sum, the amount in controversy did not exceed $25,000; therefore, the district court had exclusive jurisdiction over plaintiff's action.

---

[3] The court had allowed the parties to file supplementary materials or briefs, but solely on the lien matter.

Finally, plaintiff cites and relies on Administrative Order No. 1998-1, 457 Mich lxxxv (1998), as amended by 477 Mich cxxxvi (2006), which provides, in relevant part, as follows:

> A circuit court may not transfer an action to district court under MCR 2.227 based on the amount in controversy unless: (1) The parties stipulate to the transfer and to an appropriate amendment of the complaint, see MCR 2.111(B)(2); or (2) *From the allegations of the complaint*, it appears to a legal certainty that the amount in controversy is not greater than the applicable jurisdictional limit of the district court. [Emphasis added.]

Assuming the application of AO 1998-1, it would simply have barred the *transfer* of the case to the district court by the circuit court; it did not preclude the circuit court from dismissing the action outright for lack of subject-matter jurisdiction under the jurisdictional statutes. Given AO 1998-1, we vacate the trial court's judgment and remand solely for entry of an order of dismissal, not transfer. Plaintiff is of course free to commence a new action should he desire to do so.

Vacated and remanded for entry of an order of dismissal. We do not retain jurisdiction. Having fully prevailed on appeal, defendant is awarded taxable costs under MCR 7.219.

/s/ Kathleen Jansen
/s/ William B. Murphy
/s/ Michael J. Riordan

-5-