MIDWEST ENERGY COOPERATIVE v
PUBLIC SERVICE COMMISSION

Docket No. 255441. Submitted October 11, 2005, at Lansing. Decided
November 1, 2005, at 9:00 a.m.

Indiana Michigan Power Company (I&M) filed a complaint in the
Public Service Commission (PSC) against Midwest Energy Coop-
erative, alleging that Midwest had violated PSC rules by providing
electric service to a development in a village where only I&M was
entitled to operate. The PSC determined that Midwest violated
1999 AC, R 460.3411 (Rule 411) by providing the service and that
it violated MCL 460.502 by doing so without obtaining a certificate
of public convenience and necessity. Midwest claimed an appeal by
right to the Court of Appeals.

The Court of Appeals held:

1. Under MCL 462.26(1), the Court of Appeals lacks subject-
matter jurisdiction over an appeal of an order prohibiting a utility
from extending electric service if the utility has not sought and
been granted or denied a certificate of public convenience and
necessity.

2. The Court of Appeals also lacks subject-matter jurisdiction
over the claim that Midwest violated Rule 411. Under MCL
462.26(7), the Ingham Circuit Court has jurisdiction over appeals
pertaining to the application of PSC rules to an individual cus-
tomer in a contested case. Under the definition found in Rule
411(1)(a), the development is a single entity that is the individual
customer in this case. Jurisdiction, therefore, lies with the Ingham
Circuit Court, and this appeal must be transferred to that court
pursuant to MCL 462.26(3).

Appeal transferred to the Ingham Circuit Court.

1. PUBLIC UTILITIES — APPEAL — ELECTRIC UTILITIES — EXTENSIONS OF SERVICE
— CERTIFICATES OF PUBLIC CONVENIENCE AND NECESSITY.

The Court of Appeals lacks subject-matter jurisdiction over an
appeal of an order of the Public Service Commission prohibiting a
utility from extending electric service if the utility has not sought
and been granted or denied a certificate of public convenience and
necessity (MCL 462.26[1]).

2. PUBLIC UTILITIES — APPEAL — PUBLIC SERVICE COMMISSION — RULES, TARIFFS, OR RATE SCHEDULES — CONTESTED CASES — INDIVIDUAL CUSTOMERS.

> The Ingham Circuit Court rather than the Court of Appeals has jurisdiction over an appeal of a Public Service Commission order pertaining to the application of existing commission rules, tariffs, or rate schedules to an individual customer in a contested case; a "customer," for purposes of the commission rules concerning an electric utility providing electric service in an area served by two or more utilities, is defined as being the building and facilities served by the utility, rather than the individual, association, partnership, or corporation served (MCL 462.26[7]; 1999 AC, R 460.3411[1][a]).

*Dykema Gossett PLLC* (by *Albert Ernst* and *Christine Mason Soneral*) for Midwest Energy Cooperative.

*Michael A. Cox,* Attorney General, *Thomas L. Casey,* Solicitor General, and *David A. Voges, Michael A. Nickerson,* and *Patricia S. Barone,* Assistant Attorneys General, for the Public Service Commission.

*Honigman Miller Schwartz and Cohn LLP* (by *Richard J. Aaron*) and *Marc E. Lewis* for Indiana Michigan Power Company.

Before: KELLY, P.J., and METER and DAVIS, JJ.

DAVIS, J. Appellant Midwest Energy Cooperative claims an appeal by right from the April 20, 2004, decision of the Public Service Commission (PSC) determining that appellant violated 1999 AC, R 460.3411 (Rule 411) by providing electric service to a development in Vicksburg where appellee Indiana Michigan Power (I&M)[1] was entitled to operate and violated MCL 460.502[2] by doing so without having obtained a certifi-

---

[1] The Public Service Commission abbreviates Indiana Michigan Power Company as "I&M." However, appellant and I&M also refer to the latter as "AEP" because I&M has done business under the name American Electric Power. We will follow the PSC's convention.

[2] This statute is part of 1929 PA 69, more commonly known as "Act 69."

cate of public convenience and necessity. We conclude that we do not have jurisdiction to hear this appeal, so we transfer the case to the Ingham Circuit Court, which does have jurisdiction.

"[A] challenge to subject-matter jurisdiction may be raised at any time, even if raised for the first time on appeal." *Smith v Smith*, 218 Mich App 727, 729-730; 555 NW2d 271 (1996). Existence of subject-matter jurisdiction is a question of law reviewed de novo. *Rudolph Steiner School of Ann Arbor v Ann Arbor Charter Twp*, 237 Mich App 721, 730; 605 NW2d 18 (1999). We likewise review de novo questions of statutory construction, with the fundamental goal of giving effect to the intent of the Legislature. *Weakland v Toledo Engineering Co, Inc*, 467 Mich 344, 347; 656 NW2d 175 (2003). We review the interpretation of administrative rules similarly. *Aaronson v Lindsay & Hauer Int'l Ltd*, 235 Mich App 259, 270; 597 NW2d 227 (1999).

The facts in this case, as set forth by the PSC in its order, are apparently undisputed:

> The dispute in this case centers around which utility can properly serve the electric load for the Development located in the Village of Vicksburg. . . .
>
> The property at issue began as part of Robert and Jill Thompson's farming operation (namely, Fertile Prairie Farms, Inc.), which was combined with land they purchased from the Fox River Paper Company (Fox River) after it closed, for the proposed Development. On February 10, 2003, Mr. and Mrs. Thompson deeded: (1) a portion of their farmland in Section 23 and all the land they purchased from Fox River within Section 24 . . . to the SCGD [one of the entities involved in the development], and (2) the remaining portion of their farmland in Section 23 to the SCRD [the other entity involved in the development].

For at least 30 years, I&M operated a single-phase line to a Fox River storage building that was located in Section 24, which is now part of the Development's golf course (but not on property tax parcel No. 24-105-015). The storage building has subsequently been torn down and Mr. Thompson requested I&M to de-energize and remove its line in mid-2003. Additionally, I&M has operated electric lines along the western and southern boundaries of the land now owned by the SCGD and the SCRD.

Prior to the Thompson land transfer to the Development and in anticipation of providing adequate water and sewer services to the SCRD, the Thompsons also requested that the Development property, which was previously in Schoolcraft Township, be annexed to the Village of Vicksburg. The annexation became effective on July 2, 2002. Only I&M has a certificate of public convenience and necessity to serve the Village of Vicksburg (although the village did grant Midwest a franchise in November 2003, . . . five months after it began electrical service to the Development).

Mr. Thompson also contacted I&M and Midwest regarding the location and cost of extending electrical service to the Development. On February 26, 2003, Mr. Thompson requested 3-phase service from Midwest for an irrigation pump the SCGD was planning to install on tax parcel No. 24-105-015. Because I&M had distribution facilities within one mile of the requested extension, Midwest issued a 10-day notice to extend facilities . . . on March 11, 2003 and began construction on March 24th, even though I&M filed an objection to the proposed extension on March 20th Midwest completed construction of the 3-phase facilities on April 15, which were energized on June 13, 2003. Subsequently, Midwest constructed an underground single-phase line to provide service to the SCRD's proposed home sites in Section 23. [Citations omitted.]

The PSC concluded that the development was an existing customer of I&M, so I&M was entitled to extend service to the entire project, to the exclusion of appellant. The PSC additionally concluded that appel-

lant's operations in this regard up to that time were improper because appellant did not have a certificate of public convenience and necessity.

Regarding the latter point, we lack jurisdiction over an appeal of an order prohibiting a utility from extending electric service if the utility has not first sought a certificate of public convenience and necessity; only when such a certificate has been requested, and it is either granted or denied, is an appeal to this Court available. *City of Marshall v Consumers Power Co* (*On Remand*), 206 Mich App 666, 673-675; 523 NW2d 483 (1994). Notwithstanding appellant's assertions that it is not required to obtain such a certificate but will obtain one if needed, we cannot hear the matter until there has been a decision granting or denying a certificate, because until then there is no order "fixing" any of the several things that give rise to this Court's jurisdiction. *Marshall, supra* at 674-675, citing MCL 462.26(1). Because appellant had been neither granted nor denied such a certificate, we cannot hear the Act 69 issue.

Regarding Rule 411, MCL 460.4 provides that MCL 462.26 governs review of any PSC order or decree. MCL 462.26(1) provides for review in this Court of "any order of the commission fixing any rate or rates, fares, charges, classifications, joint rate or rates, or any order fixing any regulations, practices, or services," unless "otherwise provided in" various provisions, including MCL 462.26 itself. The order here fixes a service insofar as it determines which of two competing utilities may serve a particular customer. However, subsection 7 of MCL 462.26 reserves to the Ingham Circuit Court appeals of orders "pertaining to the application of existing commission rules, tariffs, or rate schedules to an individual customer in a contested case . . . ." The jurisdictional provision in MCL 462.26(7) controls, both

according to the plain language of subsection 1 of MCL
462.26 and according to the rule that specific statutory
provisions control over general ones. *Antrim Co Trea-
surer v Dep't of Treasury*, 263 Mich App 474, 484; 688
NW2d 840 (2004).

Appellant correctly notes that we have previously
decided a Rule 411 issue. *In re Complaint of Consumers
Energy Co*, 255 Mich App 496; 660 NW2d 785 (2003).
However, the only portion of MCL 462.26 we addressed
in that case was subsection 8, which governs the burden
of proof on appeal. *In re Complaint of Consumers
Energy, supra* at 500-501. "The rule of stare decisis
generally requires courts to reach the same result when
presented with the same or substantially similar issues
in another case with different parties." *WA Foote Mem
Hosp v City of Jackson*, 262 Mich App 333, 341; 686
NW2d 9 (2004). "However, a case is stare decisis on a
particular point of law if the issue was 'raised in the
action decided by the court, and its decision made part
of the opinion of the case.' " *Terra Energy, Ltd v
Michigan*, 241 Mich App 393, 399; 616 NW2d 691
(2000), quoting 20 Am Jur 2d, Courts, § 153, p 440. In
*In re Complaint of Consumers Energy*, we merely pre-
sumed that we had jurisdiction and never inquired
further into the issue. We did not decide, or even
address, the issue. Thus, there is no prior appellate
decision on this issue to which we are bound.

MCL 462.26(7) "contemplates the application of
some substantive rule to an individual customer . . . ."
*Attorney General v Pub Service Comm No 1*, 237 Mich
App 27, 41; 602 NW2d 207 (1999). The first prong is
clearly satisfied: this case involves the application of a
substantive administrative rule, namely 1999 AC, R
460.3411. R 460.3411(1)(a) defines "customer" as "the
buildings and facilities served rather than the indi-

vidual, association, partnership, or corporation served." Thus, for example, in *In re Complaint of Consumers Energy*, Meijer, Inc., would not be a "customer," but a particular Meijer grocery store, including the parking lot lights and adjoining gasoline station, would constitute a single "customer." Although there are two business entities in this case, they have a significant amount of identity in ownership and are working in tandem toward the common goal of "the Development," which the PSC treated as a single entity. We conclude that it is "the Development" itself that is the customer, and, at least until there is some indication of division, it should be treated as a single entity. Pursuant to MCL 462.26(7), jurisdiction therefore lies with the Ingham Circuit Court, not here.

Because we lack jurisdiction over this appeal, we transfer it to the Ingham Circuit Court pursuant to MCL 462.26(3). We otherwise decline to address the merits of any issues raised in this appeal.