*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

SHIELD GLOBAL PARTNERS – G1 LLC,

      Plaintiff-Appellant,

v

PROGRESSIVE MARATHON INSURANCE
COMPANY, PROGRESSIVE MICHIGAN
INSURANCE COMPANY, AUTO CLUB
GROUP INSURANCE COMPANY,
ALLSTATE INSURANCE COMPANY,
CITIZENS INSURANCE COMPANY OF
THE MIDWEST, FARM BUREAU
GENERAL INSURANCE COMPANY OF
MICHIGAN, AUTO-OWNERS INSURANCE
COMPANY, MEEMIC INSURANCE
COMPANY, FRANKENMUTH MUTUAL
INSURANCE COMPANY, and FARMERS
INSURANCE EXCHANGE,

      Defendants-Appellees,

and

PROGRESSIVE CASUALTY INSURANCE
COMPANY,

      Defendant.

UNPUBLISHED
August 27, 2020

No. 347948
Kent Circuit Court
LC No. 18-004841-CB

Before: SHAPIRO, P.J., and SERVITTO and LETICA, JJ.

PER CURIAM.

-1-

Plaintiff, Shield Global Partners – G1 LLC, appeal as of right the circuit court's order denying plaintiff's request for a declaratory judgment that "diminished-value damages"[1] are recoverable under Michigan's Mini-Tort Provision, MCL 500.3135(3)(e),[2] and dismissing the case without prejudice. We affirm, albeit on different grounds.[3]

## I. BACKGROUND

Plaintiff filed a complaint in circuit court requesting a declaratory ruling that diminished-value damages are recoverable under Michigan's Mini-Tort Provision, that defendants, various insurance companies, were required to pay for established mini-tort damages, and that defendants cannot refuse to pay those damages based on the position that the damages are not recoverable under the Mini-Tort Provision. Plaintiff alleged that defendants had previously paid inherent diminished-value damages, but had recently declined to do so. Plaintiff attached letters from defendants to its complaint reflecting that defendants declined to pay inherent diminished-value damages because they were not recoverable under Michigan law.[4]

Defendants filed a joint motion for summary disposition pursuant to MCR 2.116(C)(4) (lack of jurisdiction) and (C)(8) (failure to state a claim). Defendants explained that they had issued policies to insureds, who had "allegedly caused car accidents that injured people in vehicles leased from GM Financial, but [their] liability was never adjudicated." Plaintiff was the "assignee of any mini-tort claim GM Financial may have had against defendant[s'] insureds." In part, defendants argued that the circuit court lacked subject-matter jurisdiction because: (1) the action did not involve an actual case or controversy as required by MCR 2.605; (2) any mini-tort claim would be statutorily capped at $1,000, below the $25,000 circuit court jurisdictional threshold under MCL 600.8301; and (3) MCL 500.3135(3)(e) and (4)(c) required that a mini-tort lawsuit be brought in the small claims court or district court. Defendants also asserted that MCL 500.3030, which states that "the insurer shall not be made or joined as a party defendant," prevented plaintiff from suing them directly.

Plaintiff filed a competing motion for summary disposition under MCR 2.116(C)(9) (failure to assert a valid defense). Plaintiff asserted that the controversy was that the parties took opposite positions on whether the Mini-Tort Provision permitted recovery of diminished-value

---

[1] "Diminished value under an automobile collision insurance policy, defining loss as direct and accidental loss or damage to the vehicle, is physical injury that cannot not be fully repaired or restored to its preloss condition, as opposed to stigma damages which occur when the vehicle, after being fully restored to its preloss condition, nonetheless carries an intangible taint due to its having been involved in an accident." 7A Am Jur 2d Automobile Insurance § 409. The parties refer to these stigma damages as inherent diminished-value damages.

[2] The No-Fault Act was amended effective June 11, 2019. 2019 PA 21 and 22. This case was decided under the pre-amendment version.

[3] "A trial court's ruling may be upheld on appeal where the right result issued, albeit for the wrong reason." *Gleason v Michigan Dep't of Transp*, 256 Mich App 1, 3; 662 NW2d 822 (2003).

[4] One insurer also noted plaintiff's failure to provide proof of diminished value.

damages. In plaintiff's view, the interpretation of the Mini-Tort Provision was a question of law and Michigan law clearly established that a tort plaintiff was entitled to recover all damages flowing from a breach of duty, including the cost of repair as well as any diminished value.

Therefore, diminished-value damages were recoverable under the plain language of the Mini-Tort Provision and no factual development would change that interpretation.

After a hearing, the circuit court issued an opinion and order dismissing the case without prejudice. The circuit court began:

> "Don't touch that hot stove," your parents warned you when you were a child. If you were wise beyond your years, you heeded that sage advice and avoided burning yourself. But if you were naive and foolish, you had to find out for yourself that handling hot items can burn you. Such is the experience of judges when it comes to cases involving thorny jurisdictional issues. Fools rush in to the merits when jurisdictional concerns counsel caution, whereas seasoned judges learn to stay their hand in such circumstances to avoid getting burned.

The circuit court stated that it "shall exercise its discretion under MCR 2.605(A)(l) by refusing to render any declaratory judgment." The circuit court then summarized the parties' arguments, specifically stating as to defendants:

> The defendants have cited several grounds for challenging the Court's jurisdiction to address Plaintiff['s] request for declaratory relief. First, pursuant to MCL 500.3135(4)(c), every mini-tort action "shall be commenced, whenever legally possible, in the small claims division of the district court or the municipal court." Second, exclusive jurisdiction over suits involving claims for $25,000 or less - such as mini-tort litigation capped at $1,000 - is vested in the district courts. See *Hodge v State Farm Mutual Auto Ins Co*, 499 Mich 211, 213[; 884 NW2d 238] (2016), citing MCL 600.8301. Third, the No-Fault Act prohibits joining insurance companies as parties in tort actions, see MCL 500.3030, and mini-tort actions under MCL 500.3135(3)(e) manifestly constitute tort actions. In other words, [plaintiff's] request for declaratory relief presents a veritable jurisdictional minefield.[5]

---

[5] In addition to defendants' jurisdictional challenges, the circuit court noted that MCL 600.8031(3)(*l*) excludes every action arising under the No-Fault Act from the specialized business court's docket. MCL 600.8035. The circuit court judge deciding this declaratory judgment action was assigned to the business court. Despite the plain statutory language excluding no-fault cases from the business court's jurisdiction, the circuit court's website indicates that no-fault cases are not excluded "where 2 or more parties to the action are insurers," which is the case here. <accesskent.com> [click "Courts," click "Specialized Business Docket" under "17th Circuit Court"] (accessed August 25, 2020).

The circuit court then concluded:

> Leaving aside the Court's concern about whether MCL 500.3135(4)(c) permits a circuit court to deal with a mini-tort dispute in the first instance, the language of MCR 2.605(A)(1) "is permissive, and the decision whether to grant declaratory relief is within the trial court's sound discretion." *Van Buren Charter Township v Visteon Corp*, 319 Mich App 538, 545[; 904 NW2d 192] (2017). Consequently, the Court need not wade into the jurisdictional swamp that is this case. Instead, the
>
> Court may decline to provide declaratory relief in the more abstract context presented by this case, and thereby require [plaintiff] to present the dispute through the district court and then to the circuit court on an appeal in a specific contest about an actual loss of diminished-value damages. Accordingly, the Court shall dismiss this case without prejudice in the exercise of its discretion under MCR 2.605(A)(1).

This appeal as of right followed.

## II. ANALYSIS

Plaintiff's sole argument is that the circuit court abused its discretion in opting to deny declaratory relief to avoid reaching a decision on the merits of either plaintiff's complaint or defendants' defenses in an effort to insulate itself from appellate review. But defendants assert that the circuit court did not abuse its discretion by declining to decide an insurance company's obligation to pay inherent diminished-value damages in a factual vacuum. Alternatively, defendants contend that the circuit court lacked subject-matter jurisdiction. Plaintiff responds that defendants' jurisdictional arguments are not properly before this Court as they were not decided below. Plaintiff further suggests that it was prejudiced in its ability to respond to defendants' jurisdictional arguments by the 10-page limit for its reply belief; even so, plaintiff directs this Court to plaintiff's circuit court briefing that directly addressed defendants' jurisdictional challenges. We agree with defendants that the circuit court lacked subject matter jurisdiction to enter a declaratory judgment.

### A. STANDARDS OF REVIEW

MCR 2.605 governs a trial court's power to enter a declaratory judgment. *Van Buren Charter Twp v Visteon Corp*, 319 Mich App 538, 545; 904 NW2d 192 (2017). In part, MCR 2.605 states:

> (A) Power to Enter Declaratory Judgment.
>
> (1) In a case of actual controversy within its jurisdiction, a Michigan court of record may declare the rights and other legal relations of an interested party seeking a declaratory judgment, whether or not other relief is or could be sought or granted.
>
> (2) For the purpose of this rule, an action is considered within the jurisdiction of a court if the court would have jurisdiction of an action on the same claim or claims in which the plaintiff sought relief other than a declaratory judgment.

We have stated that "[t]he language in this rule is permissive, and the decision whether to grant declaratory relief is within the trial court's sound discretion." *Van Buren Charter Twp*, 319 Mich App at 545. "[W]hen an appellate court reviews a decision committed to the trial court's discretion . . . the appellate court must review the discretionary determination for an abuse of discretion and cannot disturb the trial court's decision unless it falls outside the principled range of outcomes." *Herald Co v Eastern Michigan Univ Bd of Regents*, 475 Mich 463, 472; 719 NW2d 19 (2006). "Under the deferential standard of review outlined in MCR 2.605, a reviewing court must affirm the trial court's decision even if a reasonable person might differ with the trial court in its decision to withhold relief." *P.T. Today, Inc v Comm'r of Office of Fin & Ins Servs*, 270 Mich App 110, 129; 715 NW2d 398 (2006).

"A challenge to subject-matter jurisdiction may be raised at any time, even if raised for the first time on appeal." *Smith v Smith*, 218 Mich App 727, 729-730; 555 NW2d 271 (1996). This is so because "[w]hen a court lacks subject matter jurisdiction to hear and determine a claim, any action it takes, other than to dismiss the action, is void." *Bowie v Arder*, 441 Mich 23, 56; 490 NW2d 568 (1992). The "[e]xistence of subject-matter jurisdiction is a question of law reviewed de novo." *Midwest Energy Cooperative v Pub Serv Comm*, 268 Mich App 521, 523; 708 NW2d 147 (2005).

## B. DISCUSSION

"A circuit court has no jurisdiction to issue a declaratory judgment unless it has jurisdiction of the underlying controversy." *Dep't of Natural Resources v Holloway Constr Co*, 191 Mich App 704, 705; 478 NW2d 677 (1991). See also MCR 2.605(A)(2) ("an action is considered within the jurisdiction of a court if the court would have jurisdiction of an action on the same claim or claims in which the plaintiff sought relief other than a declaratory judgment."). Despite plaintiff's contention that the underlying controversy was simply a matter of statutory construction, the circuit court did not otherwise have subject matter jurisdiction over a mini-tort action.

"Circuit courts have original jurisdiction to hear and determine all civil claims and remedies, except where exclusive jurisdiction is given in the constitution or by statute to some other court or where the circuit courts are denied jurisdiction by the constitution or statutes of this state." MCL 600.605. "The district court has exclusive jurisdiction in civil actions when the amount in controversy does not exceed $25,000.00." MCL 600.8301. A tort action seeking damages under $1,000 to a motor vehicle pursuant to the Mini-Tort provision must "be conducted as provided in" MCL 500.3135(4). MCL 500.3135(3)(e). In turn, MCL 500.3135(4)(c) requires a mini-tort action to "be commenced, whenever legally possible, in the small claims division of the district court or the municipal court." Accordingly, the district court, not the circuit court, has

subject matter jurisdiction over a mini-tort action. Thus, the circuit court lacked the power to enter a declaratory judgment. MCR 2.605(A)(1) and (2).[6]

Affirmed.

/s/ Douglas B. Shapiro
/s/ Deborah A. Servitto
/s/ Anica Letica

---

[6] Even assuming that the circuit court had jurisdiction, we would reject plaintiff's argument, which it supports with snippets from the hearing on the parties' motions. It is well-established that "[a] court speaks through its written orders and judgments, not through its oral pronouncements." *Simcor Construction, Inc v Trupp*, 322 Mich App 508, 522; 912 NW2d 216 (2018) (quotation marks and citations omitted). In this case, the circuit court ultimately declined "to provide declaratory relief in the more abstract context presented by this case, and thereby require[d] [plaintiff] to present the dispute through the district court and then to the circuit court on appeal in a specific contest about an actual loss of diminished-value damages." The circuit court's determination was consistent with its statement during the hearing that the case posed a procedural problem as "this issue's easier to understand if you've got an actual live case in front of you rather than essentially, a request that I apply . . . an across-the-board solution." It is true that the circuit court's mention of an "abstract context" is not the equivalent of a finding that there was no actual controversy between the parties. See MCR 2.605(A)(1). Nevertheless, the circuit court expressed concern over issuing a declaratory ruling to decide what plaintiff presented as a statutory construction question without a developed underlying scenario involving an injured party requesting inherent diminished-value damages. Contrary to plaintiff's argument, the circuit court's recognition that granting declaratory relief would have across-the-board consequences, and, therefore, should be decided within the confines of a real-world case is not the equivalent of the court deciding this case solely to avoid the tough jurisdictional questions, or upon extraneous, unrelated facts or circumstances, or because of what the circuit court judge had for breakfast.

-6-